UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KENDRICK WATERS                                                                            PLAINTIFF

VERSUS                                                      CIVIL ACTION NO. 1:21-CV-315-TBM-RPM

BOBBY FAIRLY et al                                                                      DEFENDANTS

**REPORT & RECOMMENDATION**

Plaintiff Kendrick Waters, proceeding *pro se* and *in forma pauperis*, filed on October 8, 2021, a 42 U.S.C. § 1983 prisoner civil rights complaint alleging denial of medical care and retaliation. Doc. [1]. He has named employees of the George County Correctional Facility (GCCF) as defendants. On August 26, 2021, the Court entered an order setting this matter for a screening hearing to be conducted on September 19, 2022. Doc. [16]. The order and notice of hearing were mailed to Plaintiff at his address of record at GCCF.

On September 19, 2022, the Court conducted the screening hearing as scheduled. The undersigned called Plaintiff's case. Counsel for Defendant was present; however, Plaintiff was not present in the courtroom. Plaintiff's name was called three times inside the courtroom and three times outside the courtroom entrance, but with no response. Terry Rogers with the records department at GCCF participated in the hearing by telephone. She advised the Court that Plaintiff is no longer in the custody of GCCF and that he has not been in its custody since approximately February 2022. Although he is no longer housed at GCCF, Plaintiff's address of record remains GCCF. As the docket reflects, Plaintiff has been advised repeatedly that it is his responsibility to advise the Court of a change of address and that failure to do so may result in dismissal of his lawsuit. *See* Doc. [3] [4] [8] [9] [11]. Based on the foregoing, the Court finds that Plaintiff has failed to maintain a current address of record. The undersigned concludes that

Plaintiff is no longer interested in pursuing his lawsuit. Accordingly, his complaint should be dismissed for failure to prosecute.

## RECOMMENDATION

The undersigned recommends that Plaintiff Kendrick Waters' 42 U.S.C. § 1983 prisoner civil rights complaint be dismissed without prejudice based on his failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 19th day of September 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE